**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

ALICIA PASCHALL,

    Plaintiff - Appellant,

v.

KANSAS DEPARTMENT FOR
CHILDREN AND FAMILIES;
SEDGWICK COUNTY DISTRICT
COURT; UNIDENTIFIED SOCIAL
WORKERS, SUPERVISORS AND CASA
PROGRAM EMPLOYEES,

    Defendants - Appellees.

No. 25-3136
(D.C. No. 6:25-CV-01136-HLT-GEB)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

Alicia Paschall filed a lawsuit in federal district court alleging that the

defendants had violated her constitutional rights in a state court action regarding

custody of her child.  After filing the complaint, she filed sixteen emergency motions

seeking various forms of injunctive relief, all of which the district court denied.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Paschall then appealed.[1]  Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . pro se parties [must] follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted).  "Thus, although we make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.* (brackets, citation, and internal quotation marks omitted).

Ms. Paschall's opening brief does not "explain to us why the district court's decision was wrong."  *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015).  Indeed, her brief does not address the merits of the district court's rulings at all.  Instead, her brief focuses entirely on the underlying state court rulings.

When an appellant fails to argue how the district court erred, we must affirm.  *See Harris v. Remington Arms Co., LLC*, 997 F.3d 1107, 1114 (10th Cir. 2021) ("With no explanation for why the district court erred . . . we lack any basis to

---

[1] Ms. Paschall's notice of appeal did not identify the order from which she is appealing as required by Fed. R. App. P. 3(c)(1)(B).  But because we can determine which order is the subject of the appeal from the surrounding circumstances, we exercise jurisdiction.  *See FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 n.6 (1991) ("Rule 3(c)'s judgment-designation requirement is to be construed in light of all the circumstances." (internal quotation marks omitted)).

disturb the district court's [decision]."); *see also Nixon*, 784 F.3d at 1369 (affirming where the "opening brief contain[ed] nary a word to challenge the basis of" the district court's decision).  Accordingly, because Ms. Paschall fails to present any argument regarding the district court's rulings on her emergency motions, we affirm. We also deny her motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Carolyn B. McHugh
Circuit Judge